### In re POLYESTER STAPLE ANTITRUST LITIGATION

#### No. 1516.

Judicial Panel on Multidistrict Litigation.

April 22, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ * and ROBERT L. MILLER, Jr., Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation presently consists of sixteen actions: eleven actions in the District of New Jersey, four actions in the Western District of North Carolina, and one action in the District of South Carolina.[1] Before the Panel are three separate motions, pursuant to 28 U.S.C. § 1407, to centralize these actions for coordinated or consolidated pretrial proceedings. All responding parties agree that centralization is appropriate. Defendants Arteva Specialities S.a.r.l. d/b/a KoSa and Koch Industries, Inc., seek centralization in any federal district court in North or South Carolina; defendants Nan Ya Plastics Corp. America joined by Wellman, Inc., move for centralization in the Middle District of North Carolina; the New Jersey plaintiffs along with plaintiff in one Western North Carolina action advocate centralization in the District of New Jersey. Other suggestions and their primary supporters are as follows: Western District of North Carolina—plaintiffs in three Western North Carolina actions, and District of South Carolina—plaintiffs in the South Carolina action along with plaintiffs in three potential tag-along actions. Some parties also alternatively support centralization in one of these two districts.

 On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization in the Western District of North Carolina will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions relating to the existence, scope and effect of an alleged horizontal conspiracy to fix the prices of polyester staple in the United States and/or to monopolize the U.S. market in this product. Centralization under

---

* Judge Motz took no part in the decision of this matter.

1. An additional action, *Richard R. Bentley, et al. v. Wellman, Inc., et al.*, W.D. Wisconsin, C.A. No. 3:03–16, was included on one of the Section 1407 motions, but was remanded to Wisconsin state court on April 16, 2003. Accordingly, the question of Section 1407 transfer with respect to this action is moot.

The Panel has been notified that six potentially related actions are pending in the following federal courts: three actions in the District of South Carolina and one action each in the Northern District of California, Middle District of North Carolina and Northern District of West Virginia. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

**1378**

Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary.

■ The Panel is persuaded that the Western District of North Carolina is an appropriate transferee district for this litigation. We note that several actions are pending in this district before Judge Richard L. Voorhees, who is also presiding over related criminal matters there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Western District of North Carolina are transferred to that district and, with the consent of that court, assigned to the Honorable Richard L. Voorhees for coordinated or consolidated pretrial proceedings with the actions pending there.

### SCHEDULE A

*MDL–1516—In re Polyester Staple Antitrust Litigation*

*District of New Jersey*

*United Shredding Co. v. Nan Ya Plastics Corp., et al.,* C.A. No. 2:02–4738

*Tex Tech Industries, Inc. v. Nan Ya Plastics Corp., America, et al.,* C.A. No. 2:02–4814

*Hollander Home Fashions Corp. v. Nan Ya Plastics Corp., et al.,* C.A. No. 2:02–4868

*Carlee Corp. v. Nan Ya Plastics Corp., et al.,* C.A. No. 2:02–5170

*Carpenter Corp. v. Nan Ya Plastics Corp., et al.,* C.A. No. 2:02–5171

*Green Bay Nonwovens, Inc. v. Nan Ya Plastics Corp., et al.,* C.A. No. 2:02–5330

*Hollinee, LLC v. Nan Ya Plastics Corp., et al.,* C.A. No. 2:02–5331

*Fiber Dynamics, Inc. v. Nan Ya Plastics Corp., et al.,* C.A. No. 2:02–5332

*Doran Mills, L.L.C. v. Nan Ya Plastics Corp., et al.,* C.A. No. 2:02–5425

*Habasit Belting, Inc. v. Nan Ya Plastics Corp., et al.,* C.A. No. 2:02–5426

*J.H.N.Y., Inc. v. Nan Ya Plastics Corp., et al.,* C.A. No. 2:02–5693

*Western District of North Carolina*

*Spartan International, Inc. v. Nan Ya Plastics Corp., et al.,* C.A. No. 3:02–450

*Thomaston Mills, Inc., etc. v. E.I. DuPont de Nemours & Co., et al.,* C.A. No. 3:02–474

*Penn Bottle & Supply Co., etc. v. Nan Ya Plastics Corp., et al.,* C.A. No. 3:02–501

*Delta Clothing, Inc. v. Wellman, Inc., et al.,* C.A. No. 3:02–503

*District of South Carolina*

*Marmot Moutain, Ltd. v. Arteva Specialties, LLC, et al.,* C.A. No. 4:03–144